## William C. Edwards v. City of Peoria.

1. INSTRUCTIONS—*Ignoring the Issue.*—An instruction which is misleading as to the principal issue is erroneous.

2. SAME—*As to Liability in Torts.*—In an action against a city for wrongfully obstructing water by raising a grade and causing it to flow back upon the plaintiff's premises, an instruction which practically tells the jury that if the defendant had not thrown more water upon the plaintiff's premises than adjacent lot owners had by filling up their lots, it would not be liable, is erroneous.

**Trespass on the Case.**—Obstructing the flow of water, etc. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

ARTHUR KEITHLEY, attorney for appellant.

W. T. IRWIN, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for the alleged obstruction of a natural waterway, or the damming up of the same, whereby, it is claimed, water was caused to flow back upon plaintiff's premises so that his property was greatly damaged, and the health of his wife permanently injured.

The declaration contained two counts.

The first alleges that appellee wrongfully and negligently dammed up the waterway and obstructed the regular and natural flow of the water in the alley in block 15,

in Callender & Ayers' addition to the city of Peoria, without providing any other means of escape for the surface water from the street in front of and around the premises of appellant.

The second count charges that appellee wrongfully changed the grade of Moss avenue in the city of Peoria in such a manner as to carry a large quantity of surface water and discharge it down, upon, and into a basin at the corner of Ayers avenue and Culver street in the city of Peoria, etc.

Appellant lived upon lot 20, in block 14, in Callender & Ayers' addition to the city of Peoria, at the intersection of Ayers avenue and Culver street.

There was a trial by jury in the court below, verdict for defendant, motion for new trial overruled, and judgment on the verdict for appellee. Appellant brings the case here by appeal, and assigns various errors, but insists upon a reversal mainly upon two grounds, viz.:

1. That the verdict is contrary to the evidence, and the court should therefore have sustained the motion for a new trial.

2. That the court erred in giving and refusing instructions, and in modifying some of those asked for the plaintiff, and giving them as so modified.

We think the evidence tended to prove the claims of appellant under both counts of the declaration, but the particular injury most complained of, was in raising the grade of the alley in block 15, so that the water that naturally flowed down Culver street was prevented from reaching its natural outlet, and was held back so as to overflow and damage appellant's premises.

There was some conflict in the evidence as to the causes which led to this collection of water at the corner of Culter street and Ayers avenue, and its retention there, and it was therefore important that the jury should be properly instructed. We think the second instruction asked by appellant should have been given without the modification made by the court. As modified it ignored the question of wrongfully stopping the flow of the water past appellant's

premises, and practically told the jury that if the defendant had not increased the quantity of water naturally flowing to the corner of appellant's premises, then the appellee was not guilty. But the question was not whether the water naturally flowed to that point, nor whether the city had increased the flow; but the injury complained of was in damming back the water naturally flowing there, so it could not reach its natural outlet. The same objection applies to plaintiff's instruction No. 3, modified by the court and given as No. 8 of the series. As modified and given it was erroneous and misleading. The same vice exists as to defendant's 12th, 14th, 15th and 16th instructions. They are misleading, in the sense that they present to the jury a different issue from the one they were trying. We think there was no evidence to warrant the giving of the 22d instruction for the defendant. It was not shown that the alleged damage was caused by filling up lots abutting on Culver street, nor, that before the grade of the alley was raised the water was caused to flow back upon the premises of plaintiff. It was misleading, in that it practically told the jury that if the city had not thrown more water back upon plaintiff's premises than others had by filling up their lots, then the city would not be liable. In law it made no difference if some one else had thrown water back upon plaintiff's premises, if the city had also done so, or contributed thereto, it would be liable. We think the instruction was erroneous and ought not to have been given.

For these errors in the instructions the judgment will be reversed and the cause remanded.